# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEWELL POINDEXTER, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:19-2190 |
| v | : | (JUDGE MANNION) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner, Dewell Poindexter, a state inmate, currently confined in the Forest State Correctional Institution (SCI-Forest), Marienville, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition). Poindexter's state conviction led to a consecutive federal sentence for a supervised release violation, which has not commenced. Id. In his petition, Poindexter challenges his federal supervised release sentence claiming violations of the Sixth Amendment right to a speedy trial, the shuttling provision of the Interstate Agreement on Detainers Act, and Rule of Criminal Procedure 32.1, as well as seeking credit against his federal sentence for time he spent in custody of federal authorities pursuant to a writ of habeas corpus *ad prosequendum* pending adjudication of his supervised release violation. Id. at 3.

A response and traverse having been filed the petition is ripe for disposition. For the reasons set forth below, the instant petition will be dismissed for lack of jurisdiction.

I. **Background**

On September 12, 2000, Poindexter pled guilty in the United States District Court for the Eastern District of Pennsylvania to two counts of possession with intent to distribute cocaine base. (Doc. 10-1 at 3).

On January 19, 2001, Poindexter was sentenced to a 144-month term of imprisonment followed by eight years of supervised release. Id. at 5. On May 2, 2008, the Court reduced the term of imprisonment to 122 months. Id.

Following his term of federal imprisonment, Poindexter twice violated his supervised release. Id. at 8-1. The most recent violation resulted from his July 1, 2015 arrest for state drug trafficking and weapons offenses, which were brought in the Dauphin County Court of Common Pleas. Id. at 8.

On February 22, 2016, Poindexter pled guilty to the state charges and received a sentence of five and one half to eleven years of incarceration. Id. at 13.

On June 22, 2017, the United States District Court for the Eastern District of Pennsylvania held a hearing on the revocation of Poindexter's

2

supervised release. Id. at 7. Poindexter admitted to the violation and was sentenced to thirty-months imprisonment to run consecutive to his state sentence. Id. No direct appeal or §2255 motion has been filed. Id.

**II.     Discussion**

To invoke habeas corpus review by a federal court, a prisoner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 *James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure* §8.1 (4th ed.2001).

A prisoner in state custody serving a state sentence for a state conviction "does not meet the federal 'in custody' requirement of §2241." Peeples v. Hurley, No. 4:14-CV-175, 2014 WL 2209092, *1 (E.D. Mo. May 28, 2014); see also Toney v. United States, No. 3:14-CV-1487, 2016 WL 6039136, *1 (M.D. Pa. Oct. 14, 2016) ("Habeas corpus review under § 2241 'allows a federal prisoner to challenge the 'execution' of his sentence.'"

(emphasis added) (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005)).

Poindexter seeks a credit against his federal sentence for time he spent in pre-sentence custody. (Doc. 1 at 3). However, the jurisdiction that first arrested the offender has primary jurisdiction over him until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release, or expiration of the state sentence. See Taylor v. Reno, 164 F.3d 440, 444 (9th Cir. 1998); Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa. Apr. 4, 1996)(citing United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980)), aff'd 100 F.3d 946 (3d Cir. 1996). "Primary jurisdiction over a state prisoner ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation." Id. (citations omitted) (explaining a federal sentence commences once "the Attorney General receives the defendant into [his] custody"); 18 U.S.C. §3585(a); see also Ruiz v. Strada, No. 1:12-CV-1809, 2013 WL 4054497, *4 n.3 (M.D. Pa. Aug. 12, 2013). The Bureau of Prisons (BOP) computes the sentence, including any credit to which he is entitled under 18 U.S.C. §3585(b) once the prisoner's federal sentence commences. See United States v. Wilson,

503 U.S. 329, 334-35 (1992). To this date, Pennsylvania has not relinquished custody of Poindexter.

Accordingly, Poindexter's federal sentence has not commenced, and the BOP has not computed his federal sentence. Therefore, Poindexter is not yet eligible to be considered for the relief he seeks, and his petition is to be dismissed. Rinick v. SCI Mahanoy, No. 1:16-cv-2165, 2018 WL 6696621, *3-4 (M.D. Pa. Dec. 30, 2018) (citing United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990)) (dismissing §2241 petition because state prisoner "cannot challenge the BOP's calculation of a federal sentence which he has not yet begun to serve, and which has not yet even been computed by the BOP").

### III.   Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 30, 2021**
19-2190-01